MERCER, Judge.
The first objection made by the appellant’s counsel, is the variance between the note and the declaration ; the note being for £300, with interest from the date, and the declaration being for ^300, without mentioning interest. But the.objection is not material; for the defendant w.ould not have been permitted to have insisted on it, if he had tried the issue upon the plea! of payment; because that plea admits the identity of the instrument, which cannot be denied upon the trial; and it is the same thing, in effect, vyhen the plea is withdrawn, and the suit left undefended ; for the allegations in the declaration are then admitted, and the plaintiff becomes entitled to such judgment as they authorize. There is no ground therefore, for objection upon the point of variance. But the court could not give the plaintiff more than he asked for. The declaration claimed £300; and the judgment is for .£300, with interest from the date of the note; which exceeds the demand in the declaration. I think, therefore, that the judgment ought to be reversed; and judgment entered for the .£300, without interest.
*FLEMING, Judge.
The court has given interest, although the declaration omitted to claim it. The judgment, therefore, ougth to be reversed, and judgment entered for the sum demanded in the declaration.
CARRINGTON, Judge
Agreed that the judgment ought to be reversed; and judgment entered for the sum claimed in the declaration.
LYONS, Judge.
It has been decided, that a small variance between the bond and declaration- cannot be insisted on at the trial of the issue-upon the plea of payment, as that plea necessarily admits the bond set forth in .the declaration, and estops the defendant from denying the identity before the jury. But the effect is the same where the plea is withdrawn; for the party then remains undefended, and consequently admits the instrument declared upon. The variance therefore is unimportant in the present case. But the other objection, that the judgment is for more than the declaration demands, is fatal. The judgment, therefore, is to be reversed; and judgment' entered for the £300, without interest.